United States District Court
Southern District of Texas
ENTERED
June 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HUMER G. B.,[1] Petitioner, | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-590 |
| JOSE GARCIA LONGORIA, *et al.*, *in their official capacities*, Respondents. | § | |

**REPORT AND RECOMMENDATION TO DENY PETITIONER'S HABEAS PETITION**

Before the Court is Petitioner's "Petition for Writ of Habeas Corpus" (Dkt. No. 1) ("Petition"). The Court should deny the Petition.

Generally, a district court may dismiss a plaintiff's claim for failure to state a claim sua sponte, "as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (quoting 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2004)). A litigant must "have the opportunity to be heard[2] before a claim is dismissed, except where the claim is patently frivolous." *Id.* (citing *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). Fairness requires "both notice of the court's intention and an opportunity to respond." *Id.* at 373 (quoting *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014)).

Petitioner is detainable under 8 U.S.C. § 1225(b)(2), *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), and, as pleaded, Petitioner's constitutional claim is not viable. Detention "during removal proceedings," even where such detention is without a

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] The 14-day objection period immediately following the issuance of this Report and Recommendation, in accordance with 28 U.S.C. §636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), satisfies the notice and hearing requirement.

bond hearing, is generally a "constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). While the Court has acknowledged the possibility of instances where such detention could strain constitutional limits, *see, e.g.*, *id.* at 532 (Kennedy, J., concurring), Petitioner has not raised that family of issues in this Petition, *see* Dkt. No. 1 at 19.

It is therefore recommended that the Court (1) **DENY** the Petition (Dkt. No. 1), and (2) **DIRECT** the Clerk of Court to close the case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 16, 2026.

Karen Betancourt
United States Magistrate Judge